FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
NOV 12 2013
JAMES W. McCORMACK, CLERK
By: _____
                              CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**KELLY JO STEPHENS and**
**CHRIS STEPHENS**                                                    **PLAINTIFFS**

**V.**                    CASE NO. CIV-4:13cv0647 KGB

**TIMOTHY W. CALICOTT, M.D.**                                        **DEFENDANT**

**COMPLAINT**     This case assigned to District Judge Baker
                  and Magistrate Judge Volpe

COMES NOW Plaintiffs, KELLY JO STEPHENS and her spouse, CHRIS STEPHENS,

by and through their attorneys, STEWART & RAY, PLLC, by Brian W. Ray, and for their

Complaint and causes of action against TIMOTHY W. CALICOTT, M.D., state and allege as

follows:

### INTRODUCTION

1.      This action arises out of medical events and treatment that occurred within the

emergency department (ED) at St. Vincent Infirmary Medical Center (SVIMC) in the City of

Little Rock, Pulaski County.  Federal Court jurisdiction arises under its diversity of citizenship

jurisprudence applied to claims resulting from medical negligence within the State of Arkansas.

Accordingly, this Court has proper jurisdiction over the parties and subject matter of this dispute.

TRIAL BY JURY IS DEMANDED.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§§ 1332.  There exists complete diversity of citizenship and the matter in controversy exceeds

$75,000, exclusive of interests and costs, as provided by 28 U.S.C. § 1332(a).

3.      The negligent actions set forth herein occurred in Pulaski County, Arkansas, so

that the Eastern District of Arkansas Judicial District, which includes Pulaski County, is the

district in which a substantial part of the events or omissions giving rise to this claim occurred. Thus, venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

4.      Plaintiffs are residents of Peoria, Maricopa County, Arizona.

5.      Defendant, TIMOTHY W. CALICOTT, M.D., is a resident of the State of Arkansas that may be served at his residence, 14623 Chambery Dr., Little Rock, Arkansas 72211.

## FACTS

6.      In late November 2012, Plaintiff KELLY JO STEPHENS, twenty-seven (27) years old, delivered a healthy newborn child in Little Rock, Arkansas.  On December 14, 2012, Plaintiff experienced new-onset, severe pain in her lower back.  At the same time, she also developed urinary incontinence.  This was frightening, as she had not suffered any type of trauma or other precipitating event.

7.      Plaintiff presented to the emergency department (ED) at SVIMC in Little Rock on Friday, December 14, 2012, at about 11:59 p.m.  She was assessed and treated by Defendant TIMOTHY W. CALICOTT, M.D., an emergency medicine physician.

8.      Defendant recorded the lower back pain as "bilateral lumbar" that radiated bilaterally down both lower extremities.  It was of a stabbing character and was described as severe (Plaintiff arrived at the ED in a wheelchair).  An associating symptom was recorded as "bladder dysfunction," according to the Defendant's notes.

9.      A CT study of the lumbar spine, without contrast, was ordered.  The results were telephoned to the Defendant by a radiologist at 4:15 a.m. on December 15, 2012, just over 4 hours after the patient's arrival at the ED.  The radiologist detected evidence of a central disc protrusion at L5-S1and posterior bulges at L3-L4 and L4-L5, noting that the study was limited

by the decision to forgo use of contrast, the radiologist recommended an MRI for further assessment.

10.     Plaintiff was discharged from the ED at 6:59 a.m. on Saturday, December 16, 2012. Her acuity level was recorded as "non-urgent" back pain. Formally, she was diagnosed with "*lumbar herniated disc; low back pain.*" Plaintiff was given pain medication as well as an anti-inflammatory and told to follow up with her primary care physician within 1-2 days.

11.     After her discharge on Saturday, Plaintiff next sought medical care for her back pain on Monday, December 17, 2012. She first saw her primary care physician, who sent her to an ED at a different local hospital, Baptist Health Medical Center (BHMC) in North Little Rock. There, her admitting history states that she had been "*sent from PCP's office with worsening back pain for past 3 days and reported bowel/bladder incontinence starting 2 days ago…associated symptoms included bowel incontinence (yesterday) and bladder incontinence (2 days ago).*"

12.     Plaintiff was seen by a neurosurgeon and diagnosed with "large L5-S1 disc herniation with bladder and bowel incontinence." A laminotomy and L5-S1 discectomy was performed to relieve the compression to her spinal cord. After surgery, the Plaintiff's bowel incontinence appeared to be corrected. The urinary incontinence did not abate.

13.     Plaintiff continues to experience urinary incontinence and back pain as a result of nerve damage caused by the prolonged spinal nerve root compression, or *cauda equina syndrome*.

### PLAINTIFFS' CLAIMS FOR RELIEF

14.     Defendant TIMOTHY W. CALICOTT, M.D., committed the following acts or omissions of medical malpractice, and/or negligence on or about December 16, 2012, thus violating the standard of care and proximately causing the injuries and damages in question, by:

(a)     Failing to perform an appropriate differential diagnosis that included the possibility of cauda equina syndrome as a cause of Plaintiff's symptomatology;

(b)     Failing to recognize signs and symptoms of cauda equina syndrome;

(c)     Failing to appreciate the diagnostic significance of the CT study results that were suggestive of cauda equina syndrome;

(d)     Failing to obtain an MRI study of Plaintiff's spine;

(e)     Failing to admit the Plaintiff to the hospital for further observation and work-up;

(f)     Failing to obtain a neurosurgical or orthopedic spine surgery consultation to further assess the Plaintiff;

(g)     Negligently discharging the Plaintiff from the ED to home with instructions to follow-up with a physician after the weekend; and

(h)     Generally.

15.     Plaintiffs' injuries and damages were a direct and proximate result of the Defendant's negligence. Cauda equina syndrome is reversible with timely surgical intervention to relieve the compression to the spinal cord. Defendant's errors resulted in a delay in diagnosis and treatment of the condition, thereby causing permanent neurological damage.

16.     Plaintiffs hereby endorse their Complaint with a demand for a jury trial of all issues of fact and law.

## RELIEF SOUGHT

17.     As a proximate result of the occurrence made the basis of this lawsuit, Plaintiff KELLY JO STEPHENS suffered nerve root damage that is likely to be permanent. Her neurological dysfunction primarily manifests as chronic and severe urinary incontinence,

difficulty walking and standing, and lower back pain. Now at age twenty-eight (28), Plaintiff is unable to work and even has difficulty caring for her small children. The urinary incontinence requires daily self-catheterization to assist in urination. She must wear diapers when she leaves home to avoid urinary accidents. These symptoms, along with unrelenting back pain, have caused her to require extensive medical care.

18.    As a proximate result of the occurrence made the basis of this lawsuit, Plaintiff KELLY JO STEPHENS incurred medical expenses in the past and future, physical pain in both the past and future, mental anguish in both the past and future, physical impairment/disability in both the past and future, and disfigurement in both the past and future. Plaintiff also asserts lost wages in the past and diminished earning capacity in the future.

19.    Plaintiff CHRIS STEPHENS, a U.S. military veteran, is the husband of Plaintiff KELLY JO STEPHENS. Plaintiff CHRIS STEPHENS asserts his claim for damages related to loss of consortium as a result of the injuries to his wife as well as the loss of household contribution, all of which are likely permanent.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs request a jury trial and respectfully pray for judgment for all elements of damages authorized by law as set forth herein, from and against the Defendant in an amount in excess of the amount required for federal court jurisdiction in diversity of citizenship cases, plus all other costs and compensatory relief as described above, and all other relief to which they may be entitled.

Respectfully submitted, Plaintiffs

By: _____

Brian W. Ray, Ark. Bar No. 2000084
STEWART & RAY, PLLC
100 Morgan Keegan Drive, Suite 130
Little Rock, Arkansas 72202
Telephone:   (501) 251-1988
Facsimile:   (501) 265-0022

**ATTORNEYS FOR PLAINTIFFS**